UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
JORGE RIOS, *pro se*,

                       Plaintiff,

              -against-

JITENDRA PATEL, PATIL RAJASHREE,
NELSON ALCARAZ, VITO BRUNELLI,
KIM H. HELEN, ALFONSO PONCE,
and VIREN L. JHAVERI,

                      Defendants.
---------------------------------------------------------------------x

**SUMMARY ORDER**

12-cv-3383 (DLI)(JO)

**DORA L. IRIZARRY, United States District Judge:**

On July 6, 2012, plaintiff Jorge Rios ("Plaintiff") filed this *pro se* action against several private medical professionals, purportedly under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). (*See* Compl., Dkt. Entry 1.) Plaintiff also seeks to proceed *in forma pauperis*. (*See* Dkt. Entry 2.) The court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Summary Order. For the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction.

In reviewing this complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). A district court must nevertheless dismiss an *in forma pauperis* action at any time when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (quotation marks omitted). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Id*. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd*, 450 F. App'x. 66 (2d Cir. 2011). Federal question jurisdiction is invoked where the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of the general federal question statute only if the federal question appears in the facts of the plaintiff's well-pleaded complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

Plaintiff's complaint does not assert any valid basis for this court's jurisdiction over his claims. Plaintiff invokes the jurisdiction of this court pursuant to the FTCA. (*See* Compl. at 2.) The FTCA waives sovereign immunity and permits some suits for damages against the United States, after filing an administrative claim. *See* 28 U.S.C. § 2674. However, Plaintiff does not name the United States government as a defendant or allege that any of the defendants are government officials.[1] Plaintiff's complaint describes a series of visits to private medical facilities and professionals between March 26, 2010 and May 14, 2012. (*See* Compl. at 2-8.) He alleges that the defendants misdiagnosed his conditions and provided inadequate or ineffective

---

[1] Even if the FTCA applied, the court still would lack subject matter jurisdiction because Plaintiff does not show that he exhausted his administrative remedies by filing a claim with the federal agency and receipt of a final agency decision. *See* 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F. 3d 76, 82 (2d Cir. 2005).

medical treatment. (*See id*.) Plaintiff further states that, on February 28, 2012, he began speaking to an attorney "about my malpractice medical." (*Id.* at 8.) The attorney eventually indicated that he does not handle malpractice cases. (*Id.* at 9.)

These allegations do not allege the violation of any federal law or constitutional right or otherwise suggest any basis for federal question jurisdiction, including under the FTCA. Instead, it appears that Plaintiff is attempting to state a claim for medical malpractice, which does not give rise to an issue of federal law. Moreover, there is no diversity jurisdiction, as Plaintiff states that he and all of the defendants reside in New York State. (*See id.* at 1-2.) As Plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the court has no basis for federal subject matter jurisdiction over this action.

## CONCLUSION

For the reasons set forth above, the complaint herein is dismissed for lack of subject matter jurisdiction, without prejudice to plaintiff's pursuit of any viable claims he may have against defendants in state court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 16, 2012

/s/
DORA L. IRIZARRY
United States District Judge